PAIGE v. BROWN et al.

(Circuit Court of Appeals, Third Circuit.  May 9, 1921.)

No. 2607.

Patents ⊕235—Machine for lap-grinding optical lenses does not infringe patent for ring-grinding machine.

A patent for an improvement in a machine for grinding optical lenses, operating on the ring-grinding principle, is not infringed by a machine operating on the lap-grinding principle, which is a distinct field in the art.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit for infringement of a patent by Arthur E. Paige against Andrew V. Brown and others.  Decree for defendants (260 Fed. 955), and plaintiff appeals.  Affirmed.

Arthur E. Paige, of Philadelphia, Pa., in pro. per.

Harrison F. Lyman, of Boston, Mass., and Joseph C. Fraley, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.  This patent case involves the grinding of optical lenses.  That art is a highly specialized one in which accurate scientific knowledge and mechanical practice of great precision are involved.  The case was heard by the court below, and its scientific aspects discussed in an opinion in great detail, and with a completeness which shows a close study of the general art and the practical problems involved in this case.  See 260 Fed. 960.  In view of this it would seem that an additional elaborate opinion of this court, if not an assumption of superior knowledge, would be at best but a studied effort to attempt to state in different terms what has been so fully discussed in the opinion below.  The case has, however, had a full and thorough discussion of the whole subject before this court, and after that argument it has received our careful consideration, and we have now reached the conclusion that the decree below should be affirmed.

We refrain, in view of what we have said above, from preparing an opinion, which, in the nature of things, would rediscuss judicially a subject-matter already sufficiently judicially discussed, and confine ourselves to the brief statement that, in the final analysis, we are satisfied that in the grinding of optical lenses there are two separate and well-defined fields, viz. the lap-grinding method and the ring-grinding one.  The patent of Paige operates on the ring-grinding principle.  It was not addressed to, and made no disclosures in, the lap-grinding art, and the machine which illustrated his disclosure was a ring-grinding one.  Such being the case, and the defendants' machine being one for lap grinding, and used by the defendants for that branch of lens grinding, we are justified in holding, as we do, and as the court below did, that the defendants do not infringe.

In coming to that conclusion, it may be remarked that it in no way minimizes what Mr. Paige gave the art in its sphere by his patent. We only find that sphere was not encroached upon by the defendants' lap-grinding practice. On this basic difference we rest our conclusion that the decree below be affirmed.